# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR126 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ANSU ABRAHAM, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 93) filed by the defendant, Ansu Abraham. The government filed an Answer and a supporting brief (Filing Nos. 98, 99). Abraham filed a reply (Filing No. 102).

On initial review, the Court required the government to file an answer. The sole claim raised in the motion alleges that Abraham's attorney, Richard Calkins, was ineffective for failing to advise Abraham of the immigration consequences of pleading guilty in this case.

## FACTUAL BACKGROUND

Abraham pleaded guilty to a one-count Information that charged him with possessing cocaine with intent to distribute. Abraham's Pretrial Services Report reflected that he was born in Liberia and was a legal permanent resident in the United States.[1] Abraham pleaded guilty on September 15, 2009. The plea agreement and plea petition did not address any potential immigration consequences as a result of a guilty plea in this case, and the issue was not discussed at the change of plea hearing.

---

[1] The Presentence Report states Abraham is a citizen of Liberia and a permanent resident of the United States.

On November 30, 2009, Abraham was sentenced to 12 months and 1 day imprisonment and 3 years supervised release. Judgment was filed on December 2, 2009. No direct appeal was filed. A related state charge was dismissed. On March 31, 2010, the United States Supreme Court decided *Padilla v. Kentucky,* 130 S. Ct. 1473 (2010), holding that Padilla's attorney was ineffective for failing to advise Padilla that his guilty plea would subject him to automatic deportation. On February 21, 2011, Abraham filed his § 2255 motion through counsel.

## DISCUSSION

**I.     Timeliness**

A § 2255 motion must be filed within a 1-year statute of limitations that runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 255(f). Equitable tolling may apply in limited circumstances. *Murray v. United States,* 313 Fed. App'x 924, 925 (8th Cir. 2009).

The government argues that Abraham's motion is time-barred because the motion was not filed within the 1-year time period following the date his conviction became final. *See* U.S.C. § 2255(f)(1).

Abraham argues that the United States Supreme Court recognized a new right in deciding *Padilla v. Kentucky,* 130 S. Ct. 1473 (2010), and that new right "should" be made retroactive on collateral review. (Filing No. 102, ¶ 7.) *See* 28 U.S.C. § 2255(f)(3).

The Supreme Court did not state that *Padilla* is retroactive. Therefore, the following "established principles of retroactivity" established in *Teague v. Lane,* 489 U.S. 288 (1989) apply:

> When a Supreme Court decision results in a "new rule" of criminal procedure, that rule applies to all criminal cases still pending on direct review, but, as to convictions that are already final, the rule applies only in limited circumstances. New substantive rules-which narrow the scope of a criminal statute or which place particular conduct or persons covered by the statute beyond the State's power to punish-generally apply retroactively. New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating "the fundamental fairness and accuracy of the criminal proceeding," or unless the rule prevents the lawmaking authority from criminalizing certain kinds of conduct.

*Sun Bear v. United States,* 611 F.3d 925, 928 (8th Cir. 2010).

The Eighth Circuit has not yet addressed the retroactivity of *Padilla* on collateral review. Courts that have addressed the issue have reached different conclusions. The weight of authority appears to favor nonretroactivity. *See, e.g., United States v. Chang Hong,* _ F.3d _, 2011 WL 3805763, at **2-9 (10th Cir. Aug. 30, 2011); *Chaidez v. United States,* _ F.3d _, 2011 WL 3705173, at **4-8 (7th Cir. Aug. 23, 2011); *United States v. Hernandez-Monreal,* 404 Fed. App'x 714, 715 n* (4th Cir. 2010). A few courts, however, have decided that *Padilla* is retroactive in a collateral review context. *United States v.*

3

*Orocio,* 645 F.3d 630, 633 (3d Cir. 2011)*; United States v. Dass,* 2011 WL 2746181, at *4 (D. Minn. July 14, 2011).

Within the District of Nebraska, the Honorable Lyle E. Strom addressed the issue and concluded that *Padilla* created a new rule that should not apply retroactively. *United States v. Perez,* 2010 WL 4643033, at * 2 (D. Neb. Nov. 9, 2010). Judge Strom determined that *Padilla* constituted a "new" rule "because, when Perez pleaded guilty "failure to inform a client of the prospect of deportation did not necessarily constitute an error of counsel in the Eighth Circuit." *Id.* (citing *Gumangan v. United States,* 254 F.3d 701, 706 (8th Cir. 2001).

The Court agrees with Judge Strom's reasoning. *Padilla* established a new rule that was not determined to be retroactive on collateral review. At the time Abraham pleaded guilty, under Eighth Circuit law it was not required for defense counsel to inform a client of potential deportation prior to a guilty plea. Therefore, Abraham's motion is untimely because it was not filed within a year following the date his conviction became final. In Abraham's case, his conviction became final upon the expiration of the deadline to file an appeal from his Judgment filed on December 2, 2009. He has not alleged any circumstances that suggest equitable tolling. Despite the Court's conclusion, the Court will assume that *Padilla* is retroactive and Abraham's motion was timely filed for purposes of analyzing the merits of Abraham's case.

II.     **Merits**

In order to prevail on this ineffective assistance of counsel claim, Abraham must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland*

4

*v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

As Judge Strom noted in *Perez,* when Perez pleaded guilty "it was not clear that it was a 'prevailing professional norm' in the Eighth Circuit to inform a defendant of immigration consequences when pleading guilty. Thus, if this Court were to apply *Padilla* retroactively, it is unclear how it would do so in light of *Gumangan*." *Id*. Similarly, in Abraham's case *Gumangan* was controlling when Abraham pleaded guilty. Therefore, even if *Padilla* were retroactive Abraham cannot prove the first prong of *Strickland.*

Moreover, even assuming that Abraham could prove the first prong of *Strickland*, he cannot meet the prejudice prong. As in *Perez*, Abraham had a related state court charge that was dismissed in light of the federal prosecution. The date of the offense that led to the state and federal charges was April 5, 2009. If Abraham's federal conviction were vacated, the state charge could likely be reinstated and, if convicted on the state charge Abraham would face deportation after a state conviction. *See Perez,* 2010 WL 4643033, at *3.

## CONCLUSION

For the reasons discussed, this Court concludes that *Padilla* is a new rule that is not retroactive on collateral review. Therefore, Abraham's § 2255 motion is untimely because

5

it was not filed within one year of the date his conviction became final.  The equitable tolling doctrine does not apply.  However, even assuming that *Padilla* would be found to be retroactive on collateral review, Abraham cannot prove either prong of the *Strickland* test.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No.93) is denied;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 1st day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge